UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| S.H., *by and through next friend* MARY HENDRIXSON, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| vs. | ) Case No. 4:20-CV-27 RLW<br>) |
| STEVEN RAY HENDRIXSON and JACK HENDRIXSON, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the multiple motions of *pro se* litigant Mary Hendrixson, filed on behalf of her minor son S.H. Plaintiff seeks appointment as next friend in this matter for her minor son S.H., she also seeks leave to proceed in this matter without prepayment of the required filing fee, and she seeks appointment of counsel. ECF Nos. 2-4. Having reviewed the motion to proceed *in forma pauperis* and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). Furthermore, after reviewing the complaint, the Court will dismiss this matter without prejudice, for failure to state a claim upon which relief may be granted.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which

is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**The Complaint**

Plaintiff Mary Hendrixson filed the civil complaint *pro se* in this matter on behalf of her minor son, S.H. She names as defendants S.H.'s biological father and grandfather in their individual capacities: Steven Ray Hendrixson and Jack Hendrixson. According to the complaint, the case is brought under 42 U.S.C. § 1983, for alleged civil rights violations based on the Eighth Amendment's prohibition on cruel and unusual punishment. ECF No. 1 at 3.

Plaintiff alleges that on October 4, 2018, S.H. was "intentionally and deliberately forced into the State foster system" by the defendants, his biological father and grandfather. Plaintiff states that defendants' motive was to "cover up child abuse and punish" S.H. and plaintiff. Once

in foster care, S.H. was physically assaulted, sexually assaulted, and exposed to scabies and lice. S.H. was "dragged by his hair ... and beaten in [the] face and head and ... stomped on repeatedly in the stomach." ECF No. 1 at 5. S.H.'s front two teeth were knocked out, resulting in 13 months of suffering and tooth rot. According to plaintiff, S.H.'s foster care treatment has caused him to be suicidal. Plaintiff alleges that "DFS" is ignoring S.H.'s problems and trying to force him to see his abuser. However, plaintiff also alleges that S.H.'s abuser has been involuntarily committed to a psychiatric hospital.

The complaint also alleges that "Mother" – presumably plaintiff Mary Hendrixson – was assaulted at S.H.'s foster placement, resulting in a traumatic brain injury. According to plaintiff, "[d]ocuments" show that the two defendants conspired together to send S.H. to foster care. ECF No. 1 at 5. However, no documents were attached to the complaint.

For relief, plaintiff seeks damages in the amount of $875,000 to be put in a trust for minor S.H. and $1 for herself. ECF No. 1 at 4, 6. Because S.H. is still in state custody and suicidal, plaintiff also seeks attorney fees to pay an attorney to help her get S.H. out of state care. *Id.* at 5.

## Background

Independent review of plaintiff's case history on Missouri Case.net, the State of Missouri's online docketing system, shows that on March 9, 2020, Mary Hendrixson filed an "Emergency Petition for Writ of Habeas Corpus to be Granted without Delay," with the Missouri Court of Appeals. *See State ex rel. S.P.H. v. Walton*, No. ED 108763 (Mo. Ct. App. E.D. Mar. 9, 2020). In that petition, plaintiff asked the Missouri appellate court to direct the juvenile court judge in Missouri to release minor S.H. from state custody. On the day following its filing, the petition was summarily denied.

## Discussion

The Court finds this case subject to dismissal for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983, against the two named defendants. Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Nothing in the allegations indicates that private citizen defendants Steven Ray and Jack Hendrixson are state actors for purposes of liability under § 1983. Section 1983 imposes liability on government actors acting under color of state law. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Id.* Here, plaintiff does not allege the two defendants came to any understanding with any state actor to violate plaintiff's constitutional rights. Plaintiff alleges a conspiracy between the two defendants themselves, but no conspiracy between them and a state actor. As a result, plaintiff's allegations fail to state a §1983 claim against these two defendants. *See* 28 U.S.C. § 1915(e)(2).

In addition to plaintiff's failure to state a sufficient claim under § 1983, the Court is concerned that plaintiff is seeking review or appeal of the state court's custody decision for S.H. This Court is not the proper avenue for such relief. This Court lacks jurisdiction over cases involving child custody under the domestic relations exception to federal court jurisdiction.

"The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593–94 (1890); *see also Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.") (citations omitted).

Generally, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *In re Burrus*, 136 U.S. at 593-94. Rather, state courts have exclusive jurisdiction over these matters. *See Ankenbrandt*, 504 U.S. at 703-04; *Firestone v. Cleveland Tr. Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981) ("Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court."). Although plaintiff has drafted her claims such that they appear to arise under the Eighth Amendment of the United States Constitution, they are either directly related to or so interwoven with state child custody proceedings that subject matter jurisdiction does not lie in this Court. Plaintiff is essentially contesting the state court custody decision regarding S.H., a decision which was allegedly supported and encouraged by defendants. To review plaintiff's claims, this Court would have to inquire deeply into the propriety of the state court processes—a matter which falls squarely within the ambit of state law.

In addition, any review of the state court's decision would most likely violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Furthermore, this Court does not have appellate

jurisdiction over the state courts. *See Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996).

Moreover, plaintiff has given no indication that her claims could not have received a full and fair determination in state court, and it would appear that the state court, where the custody proceedings were held, would be better equipped to handle the issues that have arisen in the course of plaintiff's interactions with defendants. *See Overman v. United States*, 563 F.2d 1287, 1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. Such cases touch state law and policy in a deep and sensitive manner, and as a matter of policy and comity, these local problems should be decided in state courts.") (internal citations and quotations omitted).

For all of the foregoing reasons, this case will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2). Plaintiff's claims against defendants are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [ECF No. 3] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of next friend [ECF No. 4] is **DENIED as moot.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of April, 2020.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE